UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ANTWAIN GATLIN,                )
                               )
    Plaintiff,                 )
                               )   No. 2:17-CV-237-CHS
v.                             )
                               )
C/O HODGES,                    )
                               )
    Defendant.                 )

## MEMORANDUM OPINION

This is a pro se prisoner's civil rights action filed pursuant to 42 U.S.C. § 1983. Now before the Court is Defendant Hodges' motion for summary judgment [Doc. 30], in support of which Defendant Hodges filed a memorandum, a statement of undisputed facts, and several exhibits [Docs. 30-1, 30-2, 30-3, 31, and 32]. Plaintiff did not file a substantive response in opposition,[1] and the time for doing so has passed. E.D. Tenn. LR 7.1(a)(2). As such, Plaintiff waived any opposition thereto. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. LR 7.2. For the reasons set forth below, Defendant Hodges' motion for summary judgment [Doc. 30] will be **GRANTED** and this action will be **DISMISSED**.

### I.    BACKGROUND

The Court previously summarized the factual allegations of Plaintiff's complaint and amended complaint as follows:

> Plaintiff alleges that on September 28, 2017, Defendant Correctional Officer Hodges assaulted him with a water bottle. Plaintiff further

---

[1] Plaintiff did file a notice in response to the motion in which he points out that Defendant Hodges' memorandum in support of his motion for summary judgment states that "the Court should grant qualified immunity to Defendant McCage" and asserts that his case could not be dismissed on this ground because this case has no Defendant with that name [Doc. 35 p. 1; Doc. 31 p. 6]. It is apparent from Defendant Hodges' motion for summary judgment and his filings in support thereof, however, that this reference to "Defendant McCage" was a typographical error.

alleges that a nurse then checked out his injuries and gave him a dose of anti-inflammatory medicine, but this medicine did not alleviate the pain. Plaintiff also states that the nurses did not follow up with a checkup or an x-ray as they had stated they were going to do.

Additionally, in his amended complaint, Plaintiff claims that he suffers from acute stress disorder due to the underlying incident, that Defendant Hodges was deliberately indifferent to his safety, that Defendant Hodges intentionally threw the water bottle at him from a distance of approximately twenty-five feet, that Defendant Lee is responsible for the actions of Defendant Hodges because he is the Warden, and that TDOC is liable for the actions at issue because it has violated its own policies.

[Doc. 10 p. 2–3 (internal citations omitted)]. The Court screened the amended complaint and allowed Plaintiff's Eighth Amendment claim against Defendant Hodges to proceed [*Id.* at 4–5].

## II. STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon County*, 625 F.3d 935, 940 (6th Cir. 2010). A district court cannot grant summary judgment in favor of a movant simply because the other party did not respond to the motion, however. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court must, at a minimum, ensure that the movant has met its initial burden. *Id*. In doing so, the court "must not overlook the

possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). The court must "intelligently and carefully review the legitimacy of [] an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.*

## III. ANALYSIS

Defendant Hodges seeks summary judgment on the grounds that: (1) the fact that Defendant Hodges' water bottle hit Plaintiff is insufficient to establish a violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment, as it is undisputed that Defendant Hodges did not intend to hit Plaintiff with the water bottle or know of any risk that this would occur; and (2) Defendant Hodges is entitled to qualified immunity. The Court agrees with Defendant Hodges that Plaintiff has not set forth evidence from which a jury could reasonably find in Plaintiff's favor on his Eighth Amendment Claim. Accordingly, Defendant Hodges is entitled to summary judgment on this ground and the Court does not reach the issue of qualified immunity.

### A. Applicable Law

In determining whether prison officials violated the Eighth Amendment by "inflict[ing] unnecessary and wanton pain in using force upon a prisoner,"[2] the key issue is "'whether force was applied in a good-faith effort to maintain or restore discipline . . . or maliciously and sadistically to cause harm.'" *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015) (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)). "[A] prison official who was unaware of a substantial risk of harm to an inmate may not be held liable under the Eighth Amendment even if

---

[2] It is apparent from the complaint that Plaintiff was a convicted state prisoner at the time of the incident [Doc. 1 p. 6].

the risk was obvious and a reasonable prison official would have noticed it," however. *Bishop v. Hackel*, 636 F.3d 757, 767 (6th Cir. 2011).

B. **Defendant Hodges' Arguments**

In support of his motion for summary judgment, Defendant Hodges filed an affidavit in which he states that he did not see Plaintiff prior to throwing the water bottle; would not have thrown the water bottle if he had seen Plaintiff; had no knowledge of any risk of hitting Plaintiff with the water bottle; and did not intentionally hit Plaintiff with the water bottle [Doc. 30-1]. Defendant Hodges also relies upon a portion of Plaintiff's deposition in which Plaintiff admits that he and Defendant Hodges had no issues prior to the water bottle incident and that Defendant Hodges did not intend to hit him with the water bottle, but rather did so on accident [Doc. 30-2 p. 4–5]. In support of his motion, Defendant Hodges also filed Plaintiff's medical record from the incident—which Plaintiff admitted in his deposition he had signed—in which a nurse quotes Plaintiff as stating that Defendant Hodges' water bottle struck him by accident [*Id.*; Doc. 30-3].

C. **Plaintiff's Evidence in the Record**

As set forth above, Plaintiff did not file a substantive response to Defendant Hodges' motion. Thus, the Court must determine whether Defendant Hodges has met his burden to establish that no reasonable jury could find in Plaintiff's favor as to his Eighth Amendment claim. *Guarino*, 980 F.2d at 407; Fed. R. Civ. P. 56(c). The Court will do so by examining Plaintiff's amended complaint and the documents filed therewith.

First, as to Defendant Hodges, Plaintiff's sworn amended complaint states that, on September 28, 2017, Defendant Hodges "assaulted" Plaintiff by throwing a water bottle and causing him injury [Doc. 6 p. 6]. Further, Plaintiff's amended complaint states that Plaintiff "certifies under penalty of perjury that the foregoing complaint is true to the best of [his][]

information, knowledge, and belief" [Doc. 6 p. 7]. A sworn complaint carries the same weight as an affidavit for purposes of summary judgment. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008).

Notably, in a document filed with his amended complaint, Plaintiff states that Defendant Hodges threw the water bottle at him "maliciously and sadistically for the very purpose of causing harm" [Doc. 6 p. 21]. This document did not precede Plaintiff's certification of his "foregoing" complaint, however, but rather was attached thereto [*Id.*; Doc. 6 p. 7], and the amended complaint does not refer to or incorporate by reference the attached documents [Doc. 6 p. 1–7]. Further, Plaintiff signed each document attached to his amended complaint in which he sets forth separate claims, including the attachment in which he alleges that Defendant Hodges threw the water bottle at him "maliciously and sadistically for the very purpose of causing harm," separately and without a certification under penalty of perjury [Doc. 6, pp. 11, 13, 16, 18, 22, 24, 27, 29, 33, and 35].

Plaintiff also attached four substantively identical signed statements from inmates to his amended complaint in which the inmates "declare under penalty of perjury" that they witnessed Defendant Hodges' "assault" on Plaintiff in which Defendant Hodges threw a water bottle across a unit "at high velocity in the direction of [Plaintiff]" [Docs. 6-1, 6-2, 6-3, and 6-4].

D. **Analysis**

The Court finds that Defendant Hodges has met his burden to establish that no genuine issue of material fact remains as to Plaintiff's Eighth Amendment claim and that Defendant Hodges therefore is entitled to summary judgment.

First, while the fact that Plaintiff and other inmates refer to Defendant Hodges' act of throwing the water bottle as an "assault" on Plaintiff in their sworn filings suggests that Defendant Hodges had some intent with regard to Plaintiff, no specific facts in these filings support a finding that Plaintiff or the inmate declarants have any personal knowledge that Defendant Hodges

intended to hit Plaintiff with the water bottle. Accordingly, the conclusory use of the word "assault" in these filings is insufficient evidence to oppose a motion for summary judgment. Fed. R. Civ. P. 56(c)(4) (providing that "[a]n affidavit or declaration used to . . . oppose a motion for summary judgment must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated").

Likewise, while Plaintiff stated in a signed attachment to his verified amended complaint that Defendant Hodges threw the water bottle at him "maliciously and sadistically for the very purpose of causing harm," this document was not incorporated into the verified complaint by reference and was not signed under penalty of perjury [Doc. 6 p. 21–22]. Also, Plaintiff admitted in his deposition that he had had no problems with Defendant Hodges prior to the water bottle incident [Doc. 30-2 p. 4], and nothing in the record suggests that Plaintiff had any personal knowledge that Defendant Hodges threw the water bottle for the purpose of harming Plaintiff. Again, affidavits or declarations "used to . . . oppose a motion [for summary judgment] must be made on personal knowledge," among other things. *Id*. As nothing in the record suggests that Plaintiff had any personal knowledge that Defendant Hodges threw the water bottle at him "maliciously and sadistically for the very purpose of causing harm," his conclusory statement to this effect in this filing is insufficient to oppose to the motion for summary judgment under Federal Rule of Civil Procedure 56(c).

Further, Defendant Hodges has set forth undisputed evidence that he did not see Plaintiff before he threw the water bottle, know of any risk of hitting Plaintiff with the water bottle, or intend to hit Plaintiff with the water bottle [Doc. 30-1 ¶ 10]. Rather, Defendant Hodges expected the officer to whom he threw the water bottle to catch it, but he did not, at which point the water bottle hit Plaintiff [*Id.* at ¶ 7]. The record also establishes that both Defendant Hodges and Plaintiff

stated under oath that the water bottle struck Plaintiff by accident, and Plaintiff's signed statement to the jail nurse after the incident also supports this assertion [Docs. 30-1, 30-2, and 30-3].

Thus, while it is apparent that Defendant Hodges could have been more careful in checking for the presence of inmates in the area into which he was throwing the water bottle, nothing in the record suggests that he failed to do so "despite knowledge of a substantial risk of serious harm," such that a jury could reasonably find that his decision to throw the water bottle was reckless, rather than negligent. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). For example, nothing in the record supports the assertion that Defendant Hodges knew that Plaintiff or any other prisoner was present in the area into which he was throwing his water bottle.[3]

Accordingly, the record establishes that Defendant Hodges has met his burden to establish that no genuine issue of material fact remains as to Plaintiff's claim that Defendant Hodges violated his Eighth Amendment right to be free from cruel and unusual punishment by throwing a water bottle in a manner that resulted in the water bottle hitting Plaintiff, and Defendant Hodges is entitled to judgment as a matter of law as to this claim.

## IV.  CONCLUSION

For the reasons set forth above, Defendant Hodges' motion for summary judgment [Doc. 30] will be **GRANTED** and this action will be **DISMISSED**. Also, the Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**APPROPRIATE ORDER TO ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[3] In his amended complaint, Plaintiff cites *Roland v. Johnson*, 856 F.2d 764 (6th Cir. 1998) for the premise that "there is no room for accidents" [Doc. 6 p. 26]. The *Roland* case is highly distinguishable from Plaintiff's case, however, as the *Roland* court found that the defendants had knowledge of a threat to the plaintiff. *Id.* at 770.